The Honorable Tiffany M. Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| CAMERON JAMES WILSON,<br>Plaintiff,<br>v.<br>CITY OF RIDGEFIELD, a Washington municipal corporation; ANDY MARVITZ, in his individual capacity; and GARY DORAN, in his individual capacity,<br>Defendants. | No. 3:26-cv-05420-TMC<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES UNDER FED. R. CIV. P. 12(f)**<br><br>NOTE ON MOTION CALENDAR:<br>**November 18, 2026** |

## I. RELIEF REQUESTED

Plaintiff Cameron James Wilson, appearing pro se, respectfully moves under Federal Rule of Civil Procedure 12(f) for an order striking the three affirmative defenses pleaded in Defendants' Answer to Plaintiff's First Amended Complaint and Affirmative Defenses (Dkt. 20 at 24). Specifically, Plaintiff requests that the Court (1) strike the Second Affirmative Defense, "Failure to State a Claim," without leave to amend; (2) strike the First Affirmative Defense, "Statute of Limitations," or, in the alternative, order Defendants to replead it with the factual grounds on which it rests; (3) strike the Third Affirmative Defense, "Qualified Immunity," without leave to amend as to Defendant City of Ridgefield, and with leave to



Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239

amend as to Defendants Marvitz and Doran; and (4) direct that any amended answer also conform the lack-of-knowledge responses identified in Part IV.D to Rule 8(b).[1] This is Plaintiff's single, consolidated Rule 12(f) motion. *See* Fed. R. Civ. P. 12(g)(2).

## II. BACKGROUND

Plaintiff filed this action on April 22, 2026. The Court's own minute order so records: "Self-represented Plaintiff Cameron Wilson filed this case on April 22, 2026 and sought leave to proceed in forma pauperis." Dkt. 3. The operative First Amended Complaint ("FAC") pleads claims under 42 U.S.C. § 1983 arising from a police encounter in Ridgefield on April 25, 2023, and from Defendant Marvitz's telephone contact with Plaintiff's employer on April 26, 2023. Dkt. 17 ¶ 1. The FAC pleads the events of August 2022 not as a separate claim, but "as facts showing the City's notice of Doran's conduct toward Plaintiff before April 25, 2023, Doran's motive toward Plaintiff, and the basis for Plaintiff's fear of Doran on April 25, 2023." *Id.* ¶ 46.

The FAC was served through CM/ECF on October 8, 2026. Defendants filed and served their Answer through CM/ECF on October 23, 2026. Dkt. 20 at 26. After a paragraph-by-paragraph response, the Answer states, in its entirety:

> 1. STATUTE OF LIMITATIONS: That the Plaintiff's claim is barred by the statute of limitations.
>
> 2. FAILURE TO STATE A CLAIM: That the Plaintiff has failed to state a claim upon which relief may be granted.
>
> 3. QUALIFIED IMMUNITY: Defendant contends that Plaintiff's claims are precluded by the doctrine of qualified immunity.

Dkt. 20 at 24. Not one of these defenses identifies a claim, a defendant, a date, or a single supporting fact. The Answer is pleaded jointly on behalf of the City and both officers, *id.* at

[1] Dkt. 20 numbers the defenses in the order "1. STATUTE OF LIMITATIONS," "2. FAILURE TO STATE A CLAIM," and "3. QUALIFIED IMMUNITY." Dkt. 20 at 24. This motion uses that numbering but addresses the Second Affirmative Defense first.



Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239

1, yet the qualified-immunity defense is asserted by an unnamed singular "Defendant." *Id.* at 24. This motion is timely because it is filed within 21 days after service of the Answer. Fed. R. Civ. P. 12(f)(2).

## III. LEGAL STANDARD

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," on its own or on a motion made "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

An affirmative defense must be stated "affirmatively," Fed. R. Civ. P. 8(c)(1), and in "short and plain terms," Fed. R. Civ. P. 8(b)(1)(A). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *accord Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010), *abrogated in part on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019). Fair notice "only requires describing the defense in 'general terms,' " *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), but general terms are not no terms. Courts in this District, including in this Division, therefore require that affirmative defenses "provide at least some facts indicating the grounds on which the defense is based." *Eritrean Ass'n of Greater Seattle v. Gebrekidan*, No. 3:24-cv-05517-DGE, Dkt. 56 at 3 (W.D. Wash. Feb. 10, 2025) (collecting cases); *see id.* at 4–5 (applying the fair-notice standard). A "vague, single word reference to a legal doctrine . . . does not suffice." *Id.* at 6.

This Court has applied the same standard. In *Barton v. American Family Life*



Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239

*Assurance Co. of Columbus*, No. 3:25-cv-05671-TMC (W.D. Wash. Feb. 9, 2026), the Court denied a pro se plaintiff's motions to strike only as moot, because the complaint had been amended, while advising the defendants that "many of Mr. Barton's arguments are well taken." The Court explained that "simply stating that the plaintiff failed to state a claim is insufficient to provide notice of a specific affirmative defense," *id.* (quoting *Garcia*, 918 F.3d at 1008), and that "affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is based," *id.* (quoting *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016)). The Court cautioned that "[c]luttering an answer with boilerplate affirmative defenses that either aren't affirmative defenses at all or lack fair notice of their factual basis wastes time for the parties and the Court." *Id.*

Plaintiff acknowledges that Rule 12(f) motions "are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *Baylis v. Valve Corp.*, No. 2:23-cv-01653-RSM, Dkt. 75 at 2 (W.D. Wash. July 30, 2025) (citation omitted). *Baylis* does not counsel denial here. The court there declined to strike defenses because the movant argued they were "irrelevant and false" on the merits, *id.* at 4, and because each challenged defense already contained "at least some facts indicating the grounds on which the defense is based," *id.* at 5. Indeed, the limitations defense upheld in *Baylis* pleaded that the plaintiff "failed to timely assert his alleged claims within three years after his alleged claims accrued"; the court found it sufficient precisely because it "set forth a specific time limit." *Id.* at 5–6. Plaintiff does not ask the Court to weigh evidence or adjudicate the merits of any defense. He asks only that Defendants' defenses satisfy the minimal pleading requirement that *Baylis* itself applied. Nor does this motion delay anything: discovery is open, and striking or clarifying these defenses now will focus it.

## IV. ARGUMENT

### A. The Second Affirmative Defense, "Failure to State a Claim," Is Not an Affirmative Defense and Should Be Stricken Without Leave to Amend.



Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239

An affirmative defense is a matter of avoidance that defeats liability even if the plaintiff proves every element of his claim. A contention that the plaintiff cannot make out his claim is something different. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). The Ninth Circuit has held that "simply stating that the plaintiff failed to state a claim is insufficient to provide notice of a specific affirmative defense." *Garcia*, 918 F.3d at 1008. Applying these authorities, Judge Estudillo struck an identically worded defense ("The Plaintiff has failed to state a claim upon which relief can be granted") *without* leave to amend, observing that "[t]he Ninth Circuit is clear that failure to state a claim is not a proper affirmative defense." *Eritrean Ass'n*, Dkt. 56 at 2, 5–6. This Court expressed the same view in *Barton*.

Striking this defense works no prejudice upon Defendants. The objection of failure to state a claim is preserved by Rule 12(h)(2), which permits it to be raised by motion for judgment on the pleadings or at trial. *See Garcia*, 918 F.3d at 1008. As pleaded, the defense accomplishes nothing but to encumber the pleadings with a label that is not what it purports to be. Because no amendment could convert a denial of the prima facie case into an affirmative defense, the Second Affirmative Defense should be stricken without leave to amend.

### B. The First Affirmative Defense, "Statute of Limitations," Gives No Fair Notice and Should Be Stricken or Repleaded.

The limitations defense consists of a single sentence: "the Plaintiff's claim is barred by the statute of limitations." Dkt. 20 at 24. It does not identify which of the six counts is supposedly barred, which limitations period applies, when any claim accrued, or why. It is the kind of "vague, single word reference to a legal doctrine" that *Eritrean Ass'n* held insufficient, Dkt. 56 at 6, and it lacks the very feature, "a specific time limit," that saved the limitations defense in *Baylis*, Dkt. 75 at 5–6.

The absence of any factual predicate is no mere technicality. It is apparent from



Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239

the face of the record that no limitations theory is self-evident. Section 1983 borrows the forum State's personal-injury period, and in Washington that is "[t]he catch-all three-year limitations period 'for any other injury to the person or rights of another' contained in R.C.W. 4.16.080(2)." *Boston v. Kitsap County*, 852 F.3d 1182, 1185 (9th Cir. 2017) (citation omitted). Every count of the FAC arises from events on April 25 and 26, 2023. Dkt. 17 ¶ 1; *see id.* ¶¶ 80–188. Three years from April 25, 2023 is April 25, 2026. This action was filed on April 22, 2026, as the Court's own order recites. Dkt. 3. The filing date of a complaint "is the date it is delivered to the clerk, whether it is submitted with or without an IFP application." *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015). The FAC's claims arise out of the same conduct, transactions, and occurrences set out in the original pleading and therefore relate back. Fed. R. Civ. P. 15(c)(1)(B). The August 2022 events, for their part, are pleaded only as evidence of notice, motive, and fear, not as a basis for recovery. Dkt. 17 ¶ 46.

Plaintiff does not ask the Court to decide the limitations question on this motion. But where the facts of record point uniformly toward timeliness, a bare invocation of "the statute of limitations" leaves Plaintiff to guess at the theory he must meet: a dispute about accrual, about the filing date, about relation back, about service, or something else entirely. That is precisely the "fair notice" Rule 8(c) exists to provide. *Wyshak*, 607 F.2d at 827. If Defendants have a good-faith factual basis for a limitations defense to a particular count, Rule 8 requires them to say what it is; if they have none, the defense should not remain in the case to be litigated as a "spurious issue[]." *Whittlestone*, 618 F.3d at 973. The Court should strike the First Affirmative Defense or, at a minimum, order Defendants within fourteen days to replead it by identifying each count to which it is directed and the accrual date and factual grounds on which it rests.

**C. The Third Affirmative Defense, "Qualified Immunity," Should Be Stricken With Prejudice as to the City and Repleaded as to the Individual Defendants.**

1. *The City cannot assert qualified immunity as a matter of law.* Qualified immunity



Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239

is a personal defense available to government officials sued in their individual capacities. Municipalities have none. The Supreme Court held more than four decades ago that "the municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983." *Owen v. City of Independence*, 445 U.S. 622, 638 (1980). Defendants nonetheless plead the defense jointly on behalf of all "Defendants," including the City, which is the sole defendant on Count VI. Dkt. 20 at 1, 24; Dkt. 17 at 24. As to the City, the defense is "insufficient" as a matter of law, and no amendment could cure it. It should be stricken without leave to amend.

2. *As to Marvitz and Doran, the defense identifies neither the defendant nor the claim.* Qualified immunity is an affirmative defense that the official bears the burden of pleading. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("Since qualified immunity is a defense, the burden of pleading it rests with the defendant."). Here, the defense is asserted by an unidentified singular "Defendant," against "Plaintiff's claims" generally. Dkt. 20 at 24. The FAC asserts distinct claims against distinct individuals: Count I against Doran and Marvitz; Count II against Doran; Counts III and IV against Marvitz; and Count V against both. Dkt. 17 at 19–26. The defense does not say which officer claims immunity, from which of these five counts, or on what basis, whether that basis is the absence of a constitutional violation or the absence of clearly established law. Plaintiff cannot tell from the pleading even whether both officers assert the defense at all. That is not fair notice. *See Eritrean Ass'n*, Dkt. 56 at 6. Plaintiff recognizes that courts often accept a short qualified-immunity defense where the defendant and the claim are evident; the deficiency here is that neither is. The Court should strike the defense as to Marvitz and Doran with leave to amend within fourteen days to identify each officer asserting it and each count to which it is directed.

### D. Any Amended Answer Should Also Conform Several Lack-of-Knowledge Responses to Rule 8(b).

Plaintiff seeks modest, related relief in aid of accurate pleadings. A party may answer that it "lacks knowledge or information sufficient to form a belief about the truth of



Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239

an allegation," and that statement "has the effect of a denial." Fed. R. Civ. P. 8(b)(5). But the Ninth Circuit has recognized that such an answer "does not serve as a denial if the assertion of ignorance is obviously sham," in which case "the facts alleged in the complaint stand admitted." *Harvey Aluminum (Inc.) v. NLRB*, 335 F.2d 749, 758 (9th Cir. 1964) (discussing the comparable Federal Rules provision). Although *Harvey Aluminum* arose under the National Labor Relations Board's rules, its reasoning applies with full force to facts that are "necessarily within the knowledge" of the answering party. *Id.* Several of Defendants' responses claim ignorance of facts within the personal knowledge of a defendant, and some contradict admissions made elsewhere in the same Answer:

- Defendants disclaim knowledge whether Marvitz telephoned Plaintiff's employer or left a voicemail for its assistant manager, Dkt. 20 ¶¶ 169–170 (at 13–14), yet in the very next paragraphs "admit that Officer Marvitz left a voicemail," *id.* ¶¶ 171–176 (at 14), and admit that the "employee" Marvitz asked about was Plaintiff, *id.* ¶ 177 (at 14).

- Defendants disclaim knowledge whether Marvitz told the general manager of Plaintiff's employer that Plaintiff had been involved in criminal activity and had been uncooperative, Dkt. 20 ¶¶ 178–180 (at 14). Those are Marvitz's own words, spoken by him in a call he admits placing, and are necessarily within his personal knowledge. *See id.* ¶¶ 176–177 (at 14).

- Defendants admit that no citation, infraction, or charge had issued when Marvitz contacted Plaintiff's employer, *id.* ¶ 182 (at 15), but claim to lack knowledge of the materially identical allegation, *id.* ¶ 279 (at 21); *compare* Dkt. 17 ¶ 182, *with id.* ¶ 279.

- Defendants disclaim knowledge whether Marvitz remained on scene and did not ask Doran to stop or tell Doran Plaintiff was free to leave, Dkt. 20 ¶¶ 164–166 (at 13). Those are facts about Marvitz's own conduct, necessarily within his personal


Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239

knowledge; Defendants elsewhere admit the surrounding events of the encounter in which he participated. *See id.* ¶¶ 84, 87–94 (at 6–7).

- Defendants admit that Plaintiff sent three letters to the Chief of Police, Dkt. 20 ¶¶ 205–215 (at 17–18), but disclaim knowledge whether the Chief responded to them, *id.* ¶ 216 (at 18), a fact within the City's own records.
- The response to paragraph 65 refers to "paragraph 66" and therefore does not respond to paragraph 65 at all. *Id.* ¶ 65 (at 5); *see* Fed. R. Civ. P. 8(b)(6).

Plaintiff does not ask the Court to deem any allegation admitted on this motion. He requests only that, if the Court grants Defendants leave to amend their affirmative defenses, the order also direct that the amended answer respond to these paragraphs in conformity with Rule 8(b)(1)(B), (b)(4), and (b)(5), after the reasonable inquiry that Rule 11(b) requires. This keeps the pleadings accurate and avoids motion practice later over whether these allegations stand admitted.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court enter the accompanying proposed order: (1) striking the Second Affirmative Defense (failure to state a claim) without leave to amend; (2) striking the First Affirmative Defense (statute of limitations), or alternatively ordering it repleaded with the counts, accrual dates, and factual grounds on which it rests; (3) striking the Third Affirmative Defense (qualified immunity) without leave to amend as to the City of Ridgefield, and with leave to amend as to Defendants Marvitz and Doran to identify each defendant asserting it and each count to which it is directed; (4) requiring any amended answer to be filed within fourteen days and to conform the responses to FAC paragraphs 65, 164–166, 169–170, 178–180, 216, and 279 to Rule 8(b); and (5) granting such further relief as is just.

I certify that this memorandum contains 3,018 words, in compliance with the Local Civil Rules.



Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239

DATED this 28th day of October, 2026.

s/Cameron James Wilson, Plaintiff, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239
cam@piitp.com

**CERTIFICATE OF SERVICE**

I certify that on the date below I electronically filed the foregoing motion and the accompanying proposed order with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to, and thereby serve under Fed. R. Civ. P. 5(b)(2)(E), the following counsel of record, and that I also sent the same documents to them by electronic mail at the addresses below:

Jeremy W. Culumber, WSBA #35423 — jculumber@kbmlawyers.com
Adam P. Zenger, WSBA #61072 — azenger@kbmlawyers.com
Keating, Bucklin & McCormack, Inc., P.S.
Attorneys for Defendants

DATED this 28th day of October, 2026.

s/Cameron James Wilson, Plaintiff, Pro Se



Cameron James Wilson, Pro Se
1312 South 44th Avenue
Yakima, WA 98908
(503) 496-9239