The Honorable Tiffany M. Cartwright
NOTED: November 18, 2026

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAMERON JAMES WILSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RIDGEFIELD, a Washington municipal corporation; ANDY MARVITZ, in his individual capacity; and GARY DORAN, in his individual capacity,<br><br>Defendants. | No. 3:26-cv-05420-TMC<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES UNDER FED.R.CIV.P. 12(F) |

## I. RELIEF REQUESTED

Plaintiff's motion misunderstands the civil rules and takes a form-over-function approach, making semantic arguments that do little more than bog down the docket. Defendants have provided Plaintiff with "fair notice" of their defenses, which – even based on Plaintiff's own arguments – do not subject him to any "unfair surprise." As a result, Defendants respectfully request Plaintiff's motion (Dkt. 21) be denied with prejudice. Alternatively, if the Court finds that any of Defendant's affirmative defenses are insufficient, Defendants respectfully request leave to amend Fed. R. Civ. P. 15(a)(2).



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

## II. ARGUMENT AND ANALYSIS

### A. MOTIONS TO STRIKE AFFIRMATIVE DEFENSES ARE DISFAVORED, AND REQUIRE A SHOWING OF PREJUDICE

First, motions to strike are generally disfavored "because of the *limited importance* of pleading in federal practice and because they are often used as a delaying tactic." *FTC v. Debt Sols., Inc.*, No. C06-298JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006) (emphasis added). Moreover, "even when technically appropriate and well-founded, Rule 12(f) motions often not typically granted absent a showing of prejudice to the moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. Apr. 2022) ("Wright & Miller"); see also *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005). For example, an affirmative defense is legally insufficient only if "it cannot succeed under any circumstances." *Mills v. Zeichner*, No. C23-1130JLR, 2023 WL 6143337, at *1 (W.D. Wash. Sept. 20, 2023) (citing *Washington v. Franciscan Health Sys.*, No. C17-5690BHS, 2018 WL 3546802, at *7 (W.D. Wash. July 24, 2018)). A court should therefore deny the motion unless it is "convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). And in determining whether to strike a defense under Rule 12(f), the Court must view the Answer in the light most favorable to the nonmoving party. *San Diego Unified Port Dist. v. Monsanto Co.*, 309 F. Supp. 3d 854, 861 (S.D. Cal. 2018).

Here, Plaintiff's *Amended Complaint* contains more than 300 paragraphs, including over 200 paragraphs of factual allegations. Although no statute sets a fixed limit on a complaint's length, the breadth of these allegations prompted Defendants to plead broader affirmative defenses to preserve all potential defenses. Viewed in the light most favorable to Defendants as the nonmoving parties, striking the defenses now would burden and prejudice Defendants by requiring unnecessary repleading, while allowing them to stand would not prejudice Plaintiff in any material way.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

## B. DEFENDANTS' ANSWER MEETS THE APPLICABLE STANDARDS FOR AFFIRMATIVE DEFENSES

### 1. The Affirmative Defenses Give Plaintiff the "Fair Notice" Required

Under Federal Rule of Civil Procedure 8, parties are required to "state in short and plain terms" their defenses in response to a pleading. *California Brewing Co. v. 3 Daughters Brewing LLC*, No. 215-CV-02278-KJM-CMK, 2016 WL 4001133, at *1 (E.D. Cal. July 26, 2016) (quoting Fed. R. Civ. P. 8(b)). Affirmative defenses are evaluated under Rule 8(b)'s "fair notice" standard and may be pleaded in general terms if they give the plaintiff fair notice of the defense's nature. *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 152 (C.D. Cal. 2022) (quoting 5 WRIGHT & MILLER § 1274 (footnotes omitted)). To provide fair notice, a defendant need only "state the nature and grounds" of the affirmative defense. *Bell v. Nat'l Credit Sys., Inc.*, No. 219-CV-01727-RAJ-BAT, 2020 WL 1452552, at *1 (W.D. Wash. Jan. 8, 2020), report and recommendation adopted, 2020 WL 1445576 (W.D. Wash. Mar. 25, 2020).

The Ninth Circuit has established that "fair notice" "only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)). Indeed, "'fair notice' is a low bar that does not require great detail." *United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016). The defense must simply be "articulated to such a degree that the *plaintiff is not subject to unfair surprise*." *Mills*, 2023 WL 6143337, at *1 (quoting *J & J Sports Prods., Inc. v. Delgado*, No. 1:12-CV-001945-LJO, 2013 WL 3288564, at *5 (E.D. Cal. June 28, 2013)) (*Emphasis added)*. Under these clearly established standards, the targeted affirmative defenses pled in Defendants' answer are more than sufficient.

Plaintiff argues he is prejudiced by Defendants' affirmative because they identify no specific claim, defendant, or supporting fact, leaving him unable to discern their basis. *Dkt 21. at 2–3.* But the fair-notice standard requires only "general terms," and Plaintiff's own arguments show that he understands the defenses. For example, Plaintiff connects the statute-



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

of-limitations defense by making a factual argument regarding the deadline of his claims compared to his filing date. *See Id. at 6*. He understands the qualified-immunity defense is not related to City but to either Doran and/or Marvitz as individual officers. *See Id. at 7 ¶4-12*. These interpretations undermine his claim that the defenses provide inadequate notice. In reality, Plaintiff's motion merely argues the ***merits*** of the affirmative defenses, which is premature and inconsistent with the disfavored status of such motions.

Rule 12(f) does not require substantive litigation of the merits of each defense, nor allow striking of such defenses where Plaintiff himself concedes factual disputes exist. Plaintiff's motion should be denied.

**2. The Affirmative Defenses Are Each Grounded in the Applicable Law and Facts**

Even if the Court requires more, each of the affirmative defenses raised in the *Answer* are based on the facts as alleged, and the law as it applies to those facts, again making clear there is no prejudice or unfair notice to Plaintiff here. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

a. "Failure to State a Claim"

Plaintiff complains that "failure to state a claim…is not an affirmative defense and should be stricken without leave to amend." *Dkt. 21 at 4:25-26*. Defendants recognize that "Courts are split on whether failure to state a claim can be raised as an affirmative defense." *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 869 (N.D. Cal. 2023). *Compare Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defenses but, rather, asserts a defect in [Plaintiff's] prima facie case."), *with Kanaan, supra* ("The Court finds persuasive the reasoning of courts who allow failure to state a claim to be asserted as a defense in an answer), and *Gessele v. Jack in the Box, Inc.*, No. 3:10-CV-960-ST, 2011 WL 3881039, at *3 (D. Or. Sept. 2, 2011) (the defense is "commonly pled" because "FRCP12(h)(2) allows it to be raised in any pleading, as well as by a motion under Rule 12(c) or at trial."); *see also Cintron*



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

*Beverage Group, LLC v. Depersia*, 2008, No. 07-3043, WL 1776430, at *2 (E.D. Pa. Apr. 15, 2008) ("The Federal Rules specifically permit an averment of failure to state a claim to be raised as an affirmative defense" and "it is well-settled that a party can set forth the defense of failure to state a claim as an affirmative defense in the answer."). However, even the courts finding it is not a technical "affirmative" defense have noted the purposelessness of striking it altogether from an answer. For example, in *Kanaan*, *supra*, the Court merely struck the word "affirmative" from the text of the answer, while "denying the motion as to that defense in all other respects." 709 F.Supp.3d at 869.

Here, Defendants raise "failure to state a claim" in an abundance of caution, as Plaintiff's own factual allegations fail to amount to several of the claims he brings: First Amendment retaliation, "Failure to Intercede" under sec. 1983, and so on. Plaintiff's demand the defense be stricken is unnecessary and pointless and should be denied.

b. Statute of Limitation

Plaintiff's argument on the statute of limitation affirmative defense is similarly without merit. For example, he claims the defense "does not identify which of the six count is supposedly barred, which limitation period supposedly applies, when any claim accrued, or why." *Dkt. 21 at 5:22-26*. However, he then immediately explains that each of his claims are subject to the exact same statute of limitation, and that each accrued on the exact same day, entirely mooting the basis for his initial objection. *Id. at 6:1-6*.

To the extent the Court believes some other specific detail or allegation is required to raise the affirmative defense in an answer, Defendants refer to the docket here. Plaintiff filed his original *Complaint* on April 22, 2026, along with an application to proceed *in forma pauperis*. *Dkt. 1*. His IFP application alleged that he had less than $100 cash, and did not have enough money to cover his family's living expenses for even a single month. *Id. at pp. 5-6*. The very next day, the Court issued a notice of filing deficiency, alerting Plaintiff he had failed to submit a proper IFP application, and warning him his case would be dismissed if he did not cure the deficiency by May 26, 2026. *Dkt. 2*. On June 8, having had no response



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

from Plaintiff, the Court dismissed the case without prejudice. *Dkt. 3*.

A week later, Plaintiff filed a motion to vacate the dismissal, arguing he had never received the Court's notice of deficiency, or the correct IFP form, alleging the Court violated its "obligation to provide the correct form to a pro se litigant." *Dkt. 4 at p. 2*. The Court granted Plaintiff's motion in part, mailed him another IFP form – also noting it was freely available on the Court's website – and giving him until July 24, 2026, to submit the correct financial materials. *Dkt. 6*. Rather than submit the correct paperwork, however, Plaintiff simply paid the filing fee the next week. *See Dkt. at 7/21/26*.

Based on facts gathered to date, Defendants have a good faith basis to believe Plaintiff's original IFP application was fraudulent and was merely a tactic to avoid the statute of limitation and provide Plaintiff several months of additional time to file his *Complaint*. Defendants have legitimate bases to allege the affirmative defense of "statute of limitation," and Plaintiff's motion to strike that affirmative defense should be denied.

c. <u>Qualified Immunity</u>

Plaintiff complains that Defendants' assertion of qualified immunity should be stricken because (1) it is not available to the City and (2) the answer is unclear as to whether Doran, Marvitz, or both are raising it. While it is unclear whether, or to what extent, Defendants need argue these points, any confusion can easily be resolved. First, both the City (and undersigned counsel) are familiar with the concept of qualified immunity, understand it does not apply to governmental entities in this context, and do not raise it on behalf of the City. Second, both Marvitz and Doran raise the defense for each and every cause of action alleged against them.

## C. DEFENDANTS PROPERLY ALLEGED "LACK OF KNOWLEDGE" THROUGHOUT THE ANSWER

Plaintiff demands Defendant be required to amend several "lack of knowledge" responses in the *Answer*, contending these responses "claim ignorance of facts within personal knowledge." *Dkt. 21 at 8:7-8*. This argument fails.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

Under FRCP 8(b)(5), a party that lacks knowledge or information sufficient to form a belief about an allegation's truth must say so. But a party responding to a complaint need not conduct an exhaustive or burdensome search to determine whether the opposing party's allegations are false. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1262 (4th ed. 2026). When allegations concern specific dates and times of events that occurred several years ago, a lack-of-knowledge response remains proper if a modest inquiry into reasonably available records and sources yields insufficient information. *Id.*

Here, Plaintiff's *Amended Complaint* contains more than 300 paragraphs, including hundreds of specific allegations identifying nonparties, specific dates and times, and various details that may be documented in records, but are not readily accessible before discovery. Plaintiff further appears to misapprehend the legal import of many of the terms he uses throughout his *Amended Complaint*, and the extent to which those terms require denials by Defendants here.

For example, he objects to Defendants "lack of knowledge" about various aspects of a phone call Officer Marvitz allegedly made. *Dkt. 21 at 8:10-19.* Generally, Defendants admit a phone call took place, and that Marvitz may have left a voicemail at some point related to Plaintiff. What specific company it was to, the specific identity of who Marvitz spoke to, the specific words that were said, whether Plaintiff was an "employee" of any such company, and so on, are all facts outside Defendants' knowledge at this point.

Similarly, Plaintiff claims Defendants admitted no charges or citation were filed against Plaintiff, but later "claim to lack knowledge of the materially identical allegation." *Dkt. 21 at 8:20-23.* In reality, the two allegations addressed are far different. Paragraph 182 of Plaintiff's complaint asserts no citation was issued "arising from April 25, 2023." *Dkt. 17 at 14:10-11.* In contrast, paragraph 279 has no such date restriction, essentially asserting Plaintiff has never been charged or cited with ***anything***, ***ever***. *Id. at 22:24-25.* Unsurprisingly, the City denied any knowledge of the truth of that assertion.

The admissions and denials in Defendants' answer are made in good faith, based on



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

the facts and records available to Defendants at the time. Plaintiff has provided no basis on which to challenge any of those assertions and remains free to inquire into them as discovery proceeds. To the extent his motion asks the Court to interpose itself into the City's admissions and denials, that request should be denied.

## III. CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's motion in its entirety. Their affirmative defenses satisfy the pleading requirements of the civil rules, and Plaintiff's own arguments demonstrate that he received "fair notice" of those defenses without "unfair surprise." Alternatively, if the Court finds any pleading deficiencies, Defendants request leave to amend their Answer to cure them.

DATED: November 12, 2026

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jeremy W. Culumber*
Jeremy W. Culumber, WSBA #35423
Mary T. Miller, WSBA #64061
Attorneys for Defendants

1201 Third Avenue, Suite 1580
Seattle, WA 98101
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: jculumber@kbmlawyers.com
mmiller@kbmlawyes.com

I certify that this memorandum contains 2,360 words, in compliance with the Local Civil Rules.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Pro Se Plaintiff**

Cameron James Wilson
1312 South 44th Ave.
Yakima, WA 98908
(503) 496-9239
Email: cam@piitp.com

DATED: November 12, 2026

*<u>/s/ Jeremy W. Culumber</u>*
Jeremy W. Culumber, WSBA #35423
Email: jculumber@kbmlawyers.com



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423